UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS P. PINKERTON, *Pro Se*, | ) | Case No.: 1:19 CV 1475 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CARROLL COUNTY COURT OF | ) | |
| COMMON PLEAS, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I. INTRODUCTION

Plaintiff *pro se* Douglas Pinkerton brings this action pursuant to 42 U.S.C. § 1983 against

defendants Carroll County Court of Common Pleas, Carroll County Sheriff's Office, Judge Michael

Repella II, Prosecuting Attorney Steven Barnett, Public Defender Steven Kandell, former Judge

Dominick Olivito, Sgt. Fred Lohman, Sgt. Jeremy Gopp, Detective Kyle Trisnar, Sheriff Dale

Williams, Jail Commander Jennifer Fergusson. (ECF No. 1).

For the reasons that follow, this action is dismissed.

## II. BACKGROUND

According to the Complaint, Plaintiff was a defendant in criminal case number 2018CR6272

in the Carroll County Court of Common Pleas ("Criminal Case"). He alleges that defendants

Kandel, Repella, Barnett, and Olivito were "involved" in pretrials in the Criminal Case ranging in

dates from September 17, 2018 to March 29, 2019. Plaintiff further claims that on January 24,

2019, he "finally misses a court date" and was picked up on a bench warrant, but did not appear before a judge until March 18, 2019. Plaintiff claims without further factual allegations that these defendants ignored his constitutional rights and "habitually denied" his right to a jury trial. (ECF No. 1 at 2-3).

Plaintiff's next claim pertains to the conduct of defendants Lohman, Gopp, and Trisnar, whom he alleges violated his constitutional rights after he was picked up on the bench warrant. Plaintiff alleges that on February 2, 2019, while he was detained in the Carroll County Jail, Lohman and Gopp used excessive force against him by spraying him with pepper spray while he was lying on the bed in his cell. He otherwise provides no context for how or why the spraying took place. He further alleges that he was not provided with medical attention thereafter, but was sprayed down with water from a hose in the basement garage of the Carroll County Jail by defendants Trisnar and Gopp, causing the pepper spray to migrate to sensitive parts of his body and resulting in excruciating pain. (*Id*. at 4). Thereafter, Plaintiff was transported to Trinity Healthcare of Dover but along the way, defendants Gopp and Trisnar stopped at a local volunteer fire department where they removed his clothing in front of a civilian and again sprayed him with a garden hose, after which they wrapped Plaintiff in a bed sheet. Plaintiff complains that in addition to that humiliation, when they arrived at Trinity Healthcare, Gopp and Trisnar took Plaintiff into the emergency room through the public entrance, causing him further humiliation. (*Id*. at 4-5).

Plaintiff states that he "tried to get justice" regarding the above-described treatment by filing a grievance with defendants Fergusson and Williams who "demonstrated negligence" towards the "abuse" Plaintiff experienced, and took no action. (*Id*. at 5).

Plaintiff claims that the above-described conduct violated his constitutional rights under the

Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. For relief, Plaintiff seeks compensatory and punitive damages in the amount of 1.5 Million Dollars to be split between the Carroll County Court of Common Pleas and the Carroll County Sheriff's Office. Plaintiff also seeks monetary damages from the individual defendants in the amount of $111,111.11 each. (*Id*. at 7).

### III. DISCUSSION

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) also governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause

of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

## B. Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must plausibly allege that a person acting under color of state law deprived him of a right secured by the United States Constitution. *See West v. Atkins*, 487 U.S. 42, 48 (1998).

### 1. Defendants Carroll County Court of Common Pleas and Carroll County Sheriff's Office are dismissed

Plaintiff's claims against the Carroll County Court of Common Pleas and Carroll County Sheriff's Department are dismissed. Ohio common pleas courts are an arm of the State of Ohio and, therefore, immune from suit in federal court pursuant to the Eleventh Amendment to the United States Constitution. *Unknown v. City of Cleveland Police Dep't*, No. 1:19 CV 146, 2019 WL 1877188, at *2 (N.D. Ohio Apr. 26, 2019) (Cuyahoga County Court of Common Pleas is immune from suit under the Eleventh Amendment) (citing *Mumford v. Basinski*, 105 F.3d 264, 269-70 (6th Cir. 1997)). The Carroll County Sheriff's Office is not a legal entity capable of being sued for purposes of § 1983. *Yahnke v. Nixon*, No. 1:10 CV 1470, 2010 WL 3420650, at *1 (N.D. Ohio Aug. 27, 2010) (Medina County Sheriff's Office is not a legal entity subject to suit under § 1983) (citing among authority *Petty v. Cty. of Franklin*, Ohio, 478 F.3d 341 (6th Cir. 2007)).

Accordingly, Plaintiff fails to state a plausible § 1983 claim upon which relief can be granted against defendants Carroll County Court of Common Pleas and Carroll County Sheriff's Office, and

those defendants are dismissed from this action pursuant to § 1915(e)(2)(B).

## 2. Defendants Repella, Olivito, Barnett, and Kandell are dismissed

Plaintiff claims that Judges Repella and Olivito, Prosecuting Attorney Barnett, and Public Defender Kandell were "involved" in the Criminal Case and violated his constitutional rights with respect to the multiple pretrials and the alleged denial of his right to a jury trial. As an initial matter, these defendants are not susceptible to suit under § 1983.

Plaintiff describes Judge Repella and former Judge Olivito as "involved" in the Criminal Case. Absolute judicial immunity attaches where a judicial officer acts in his or her official judicial capacity, that is, a function normally performed by a judge. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). There are no factual allegations regarding Judges Repella or Olivito that plausibly suggest either of them lacked jurisdiction or acted outside of their judicial function in the Criminal Case. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (a judge is not immune from liability for nonjudicial actions or for actions taken in the complete absence of all jurisdiction) (citations omitted). Therefore, Judges Repella and Olivito are immune from suit and are dismissed from this action pursuant to § 1915(e)(2)(B).

Also entitled to immunity is Carroll County prosecutor Barnett. Prosecutors are immune from a civil suit for damages under § 1983 for conduct associated with the judicial phase of the criminal process, including initiation of a prosecution and presentation of the case at trial. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). There are no allegations in the Complaint from which this court may infer that Barnett acted outside his role as a prosecutor in connection with the Criminal Case. Accordingly, Barnett is dismissed from this action pursuant to § 1915(e)(2)(B).

With respect to Carroll County public defender Kendall, "a public defender does not act

under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Here, there are no allegations in the Complaint that suggest Plaintiff's claims against Kendall relate to conduct outside of Kendall's role as a public defender in the Criminal Case. Accordingly, Plaintiff fails to state a plausible § 1983 claim against Kendall, and he is dismissed from this action pursuant to § 1915(e)(2)(B).

Even if Repella, Olivito, Barnett, and Kandell were subject to suit under § 1983, Plaintiff's claims against them would be dismissed. Plaintiff does not alleged any specific conduct on the part of each of the defendants that allegedly violated his constitutional rights with respect to the Criminal Case. While detailed factual allegations are not required to state a plausible claim, Plaintiff still must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *Hill*, 630 F. 2d at 470-71. Plaintiff's conclusory assertions that defendants Repella, Olivito, Barnett, and Kandell violated his constitutional rights with respect to the Criminal Case are insufficient to state a § 1983 claim against these defendants. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). In the absence of specific allegations of unconstitutional conduct on the part of these defendants, Plaintiff fails to allege a plausible § 1983 claim for relief against Repella, Olivito, Barnett, and Kandell, and they are dismissed pursuant to § 1915(e)(2)(B) for this additional reason.

### 3. Plaintiff's excessive force claim is dismissed

At the time of the events at issue here, Plaintiff was a pretrial detainee. Therefore, his excessive force claim is governed by the Fourteenth Amendment, not the Eighth Amendment. "The

Supreme Court has recently clarified ... that when assessing pretrial detainees' excessive force claims we must inquire into whether the plaintiff shows 'that the force purposely or knowingly used against him was objectively unreasonable.'" *Coley v. Lucas Cty.*, Ohio, 799 F.3d 530, 538 (6th Cir. 2015) **(**quoting *Kingsley v. Hendrickson*, —— U.S. ——, 135 S. Ct. 2466, 2473 (2015)). An excessive force claim analyzed under the Fourteenth Amendment's standard of objective reasonableness "turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 135 S. Ct. at 2466 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "[T]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The objective reasonableness standard requires consideration of:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473.

In assessing an excessive force claim by a pretrial detainee for objective reasonableness, "[a] court also considers the need for jail officials to adopt and execute 'policies and practices' that in their 'judgment' are necessary 'to preserve internal order and security.'" *Labadie v. Mitchell*, No. 17-1290, 2018 WL 4488268, at *2 (6th Cir. May 11, 2018) (quoting *Kingsley,* 135 S. Ct. at 2473).

Here, Plaintiff alleges Gopp and Lohman pepper sprayed him while he was lying on his bed in his cell behind a locked door. (ECF No. 1 at 4). This single statement constitutes the entirety of Plaintiff's excessive force claim concerning the conduct of Lohman and Gopp.

Plaintiff does not allege what effect, if any, the pepper spray had on him when it was applied by Gopp and Lohman. Under the *Kingsley* standard regarding the reasonableness of the use of force

on a pretrial detainee, the extent of a pretrial detainee's injury is a consideration and the force applied

must be more than de minimis. *See Brown v. Muskegon Cty*. Jail, No. 1:19-CV-235, 2019 WL

2482359, at *4 (W.D. Mich. June 14, 2019) ("All of the considerations mentioned in *Kingsley*

assume that some meaningful level of force was exerted on the plaintiff. ... The Constitution is not

concerned with every physical contact between an official and a detainee, no matter how minor.")

(citing *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) ("There is, of course, a de minimis level of

imposition with which the Constitution is not concerned.")); *see also Andrew v. St. Tammany Par.*

*Prison*, No. CV 15-2105, 2016 WL 447680, at *11 (E.D. La. Jan. 15, 2016), (recommending

dismissal of pretrial detainee's excessive force claim pursuant to § 1915 where defendant's brief

conduct of pulling pretrial detainee up by the handcuffs lasted less than a minute and resulted in no

injuries, suggesting the force applied was de minimis), report and recommendation adopted sub nom.

*Don M. Andrew, Jr. v. St. Tammany Parish Prison, et al.*, No. CV 15-2105, 2016 WL 430455 (E.D.

La. Feb. 4, 2016).

     Nor does Plaintiff claim that he was pepper sprayed without reason or allege any other facts

from which this court may infer that, if true, Plaintiff states a plausible claim that Lohman and Gopp

acted unreasonably. *See Scott v. Martin*, No. 3:17-CV-00868, 2017 WL 2362523, at *2 (M.D. Tenn.

May 31, 2017) (Plaintiff's claim that officers entered his cell and pepper sprayed and assaulted him

"for no righteous reason" was sufficient to state a plausible claim on initial review for the use of

excessive force against a pretrial detainee under the *Kingsley* standard.); *Graves v. Mays*, No.

18-1200-JDT-CGC, 2019 WL 5090490, at *4 (W.D. Tenn. Oct. 10, 2019) (Plaintiff's claim that he

was maced a second time simply because of a comment he made to an officer while he was  locked

behind a cell door and posed no threat to others states a plausible excessive force claim under the

Fourteenth Amendment).

It is Plaintiff's obligation to allege sufficient facts that state a plausible claim for relief. While the court is required to liberally construe the Complaint, the court is not required to conjure factual allegations on Plaintiff's behalf. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading.'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). Here, Plaintiff alleges no facts which, if true, states a plausible claim that he was subjected to excessive force by Gopp and Lohman in violation of the Fourteenth Amendment. Accordingly, that claim is dismissed pursuant to § 1915(e)(2)(B).

### 4. Plaintiff's claim that he was denied medical care is dismissed

The Eighth Amendment protects convicted prisoners against the imposition of cruel and unusual punishment. The denial of medical care for a serious medical need may constitute cruel and unusual punishment under the Eighth Amendment. In this case, Plaintiff is a pretrial detainee. As a pretrial detainee, Plaintiff's rights under the Fourteenth Amendment regarding medical care are analogous to those provided convicted prisoners under the Eighth Amendment. *See Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (citing *Phillips v. Roane Cty.*, 534 F.3d 531, 539 (6th Cir. 2008)).

Similar to the Eighth Amendment, the analysis of a Fourteenth Amendment claim concerning deliberate indifference to a serious medical need includes an objective and subjective component. To satisfy the objective component, the medical need must be sufficiently serious. To satisfy the subjective component, "the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care." *Id*. at 891 (internal quotation marks and citation

-9-

omitted). "A defendant has a sufficiently culpable state of mind if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff alleges that after he was pepper sprayed, defendants Gopp and Lohman "skipped" providing him with medical attention that was available at the jail and did not allow him to properly cleanse himself of pepper spray. As noted above, Plaintiff does not allege what effect, if any, the pepper spray had on him, thus failing to assert facts that plausibly allege a serious medical need.

Plaintiff's also fails to plausibly allege the subjective component of a deliberate indifference claim. Plaintiff claims that in the basement garage of the Carroll County Jail, before he was transported to the hospital emergency room, defendants Gopp and Trisnar sprayed him down with a garden hose (which caused the pepper spray to migrate to sensitive areas resulting in pain) then stopped on the way to the emergency room at a local fire station where his clothing was removed and he was again sprayed down with water and wrapped in a bed sheet. Plaintiff alleges that when they arrived at the hospital emergency, Gopp and Trisnar humiliated him by taking him through the public entrance wrapped in a bed sheet.[1]

Taking Plaintiff's allegations as true, Gopp and Trisnar did not disregard an excessive risk to Plaintiff or deny him medical care with respect to the pepper spray – they attempted to remove

---

[1]     Plaintiff's claims that he was humiliated when his clothes were removed at the fire station in front of a civilian and he was sprayed with water and wrapped in a bed sheet, and further humiliated when he was taken by Gopp and Trisnar through the public entrance of the emergency room. Assuming Plaintiff's allegations to be true, such humiliation does not constitute cruel and unusual punishment in violation of the Constitution. *See Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (concluding that a brief and isolated incident during which a correctional officer rubbed and grabbed an inmate's buttocks in a degrading and humiliating manner during a "shakedown" did not amount to cruel and unusual punishment under the Eighth Amendment), abrogated on other grounds by *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018), reh'g denied (Apr. 19, 2018).

-10-

the pepper spray residue with water and transported him to the hospital emergency room. To the extent that Gopp's and Trisnar's efforts were not optimal, that is insufficient to support a deliberate indifference claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence does not constitute deliberate indifference).

Accordingly, Plaintiff fails to allege a plausible § 1983 deliberate indifference claim, and that claim against Gopp and Trisnar is dismissed.

### 5. Plaintiff's claims against defendants Fergusson and Williams are dismissed

Plaintiff states that he "tried to get justice" by filing a grievance with defendant Fergusson, but no action was taken by Fergusson. He then brought his complaint to defendant Williams, who "also demonstrated negligence . . . towards the abuse" that Plaintiff experienced.

Plaintiff fails to allege a plausible § 1983 claim regarding the alleged conduct of defendants Fergusson and Williams. Even assuming the truth of his allegations, Plaintiff does not have a constitutional right to an effective grievance procedure. *See Miller v. Haines*, 156 F.3d 1231 (Table) (6th Cir. 1998) ("Prison inmates do not have a constitutionally protected right to a grievance procedure.") (citations omitted). Moreover, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Here, Plaintiff has alleged no other conduct on the part of Fergusson or Williams[2] outside of their role with respect to his grievance.

---

[2]     To the extent that Plaintiff is alleging that Fergusson or Williams are responsible for the conduct of Lohman, Gopp, or Trisnar, they cannot be liable under § 1983 under a theory of respondeat superior even if the court had determined that Plaintiff has stated a plausible § 1983 claim as to Lohman, Gopp, or Trisnar. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citations omitted).

Accordingly, Plaintiff's § 1983 claim against defendants Fergusson and Williams are dismissed pursuant to § 1915(e)(2)(B).

### 6. Plaintiff's state law claims are dismissed without prejudice

Having dismissed all of Plaintiff's federal claims, and there being no other basis for subject matter jurisdiction apparent on the face of the Complaint, the court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. See 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724-26 (1966); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (internal quotation marks and citation omitted).

## IV. CONCLUSION

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

November 26, 2019

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.